## Adolph Arnold, Theodore Arnold, Herman Arnold and Benjamin F. Baker v. Andrew Eger.

1. EVIDENCE—*Continued Use of Original Pass-book as Evidence of Liability of Banking Firm Claimed to Have Been Dissolved.*—In a suit against persons alleged to have been partners in the banking business, for money claimed to have been deposited with them, defended on the ground of the dissolution of the partnership, plaintiff proved the partnership, that the firm issued him a bank-book and that transactions with the bank, both before and after the alleged dissolution, were entered in such book at the bank by the clerk. *Held,* that the book was admissible in evidence. Arnold v. Hart, 75 Ill. App. 165.

2. FORMER DECISIONS—*Followed.*—The court cites with approval, Arnold v. Hart, 75 Ill. App. 165.

Assumpsit.—Appeal from the County Court of Cook County; the Hon. E. B. GOWER, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed May 21, 1900.

The facts shown by this record are stated at length in the opinion of this court in Arnold v. Hart, 75 Ill. App. 165.

The appellee brought this suit to recover $150, deposited in the bank of appellants before the dissolution of the banking firm, and $200 deposited after the dissolution, together with interest as provided by the terms of the contract between banker and depositor. The issues of fact were submitted to the court without a jury, and the trial resulted in a finding and judgment for appellee for $353.33, which is the aggregate of the amounts deposited, and $2.33 interest.

ESCHENBURG & WHITFIELD and SAMSON & WILCOX, attorneys for appellants.

COLLINS & FLETCHER, attorneys for appellee.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

But three grounds are presented upon which a reversal of the judgment is sought. First, it is contended that the judgment is excessive, in that it includes the amount depos-

ited after the dissolution of the banking firm, and in that it includes interest. The evidence is sufficient to warrant the court in finding that the $200 was deposited by appellee through the agency of his wife; and the provisions of the pass-book issued by the bank to the depositor provided for the interest allowed. The evidence is also sufficient to sustain the court in finding that appellee is not to be charged with notice of the dissolution.

Secondly, it is urged that the court erred in admitting the pass-book in evidence. This contention is disposed of by the decision in Arnold v. Hart, 75 Ill. App. 165, wherein this court, speaking through Mr. Justice Windes, said:

"It is claimed the court erred in admitting the bank-book in evidence. Plaintiff proved the partnership, that he got the book at the bank, and that all the entries were made in it at the bank by the clerks. There was sufficient foundation to justify its admission in evidence. As to him the partnership continued until it was shown that he had notice of its dissolution, which is a special point of contest in this case."

Third, complaint is made that the court erred in modifying two propositions of law tendered by appellant, and in holding one proposition tendered by appellee. The two propositions as modified state the rules of law governing sufficiently favorable to appellants. It is apparent, considering together all the propositions held, that the court did not err in applying the law to the facts.

No other questions are presented.

The judgment is affirmed.